

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sam B. Hall
County Attorney
Harrison County
Marshall, Texas

Dear Sir:

Attention: Mr. Robert E. Sikes

Opinion Number O-5453
Re: Maintenance tax of inde-
pendent school district
created by Special Act.

We have received your letter of June 22, 1943, which
we quote in part as follows:

"We respectfully request your opinion as to
whether the Waskom Independent School District,
of Harrison County, can legally hold an election
to raise the maintenance tax of said District,
not to exceed $1.00 on a $100.00 valuation of
taxable property in said District.

"The Waskom Independent School District was
created by a special law of the 36th. Regular
Session of the Legislature in 1919, Chapter 7,
same being H. B. 185, a copy of which is attach-
ed hereto for your convenience. Section 4 of this
act provides for an annual ad valorem tax not to
exceed 50¢ on a $100.00 valuation for maintenance,
and a tax not to exceed 25¢ on a $100.00 valuation
for purchase of sites and construction of build-
ings, and that the amount of maintenance tax, to-
gether with the amount of bond tax shall never
exceed 50¢ on a $100.00 valuation. The act pro-
vides for the elections and tax levies and col-
lections in the same manner as is provided for
by the General Law on Independent School Dis-
tricts. Section 25 of the Act provides that:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

173

" '. . . . all laws hereafter to be, or
which may be enacted, and which have for
their purposes the enlargement and in-
creasing of rate of maintenance tax or
bond tax, or maintenance and bond tax,
together with the power in relation to
the assessment and collection of taxes
therefor and thereof, whether said law
or laws be for independent school dis-
tricts created by special legislative
Act or under the General laws of Texas,
and all laws, hereafter to be enacted
enlarging and increasing the powers and
authorities of the trustees under the
General Laws of this State, shall apply
to and the same is and hereby shall be
cumulative of this Act, and especially
of Sections 3 and 4 hereof.'

"It is noted that in Article 2857 of Vernon's
Sayles Texas Civil Statutes, 1914, same being the
amended acts of 1909, page 17, Section 154, that
the trustees of Independent School Districts are
given power to levy an ad valorem tax for mainte-
nance purposes, not to exceed 50¢ on a $100.00
valuation, and a tax not to exceed 25¢ on a $100.00
valuation for purchase of sites and buildings. Arti-
cle 2784 of Vernon's Revised Civil Statutes, 1925,
authorizes a maintenance tax of $1.00 on a $100.00
valuation. It is noted that this is an Act of 1921.

"There is further legislation on the subject
found in Vernon's Texas Session Law Service, where
the 48th Legislature of 1943, Chapter 17, validat-
ed all acts and proceedings in connection with
maintenance tax elections, not to exceed $1.50 on
each $100.00 valuation; and in Section 2 author-
izes the trustees to call an election raising the
tax not to exceed $1.50.

174

"Section 26 of the Waskom School Law, provides as follows:

" 'This Act shall be taken notice of by all the courts in the same manner as the General Laws of this State, and it shall be construed to be cumulative of all of the General Laws of this State on the subject of schools, when not in conflict therewith, but in case of conflict this Act shall control as to the Waskom Independent School District, here created, and should any Sections of this Act, or any part of any Section or Sections of this Act, be held to be void and without force or effect, for any reason whatsoever by any court of competent jurisdiction and having final jurisdiction thereof, then the remaining portions of this Act shall not be thereby affected; but shall remain in full force and effect as though the void or unenforceable portion thereof, if any, had not been incorporated into this Act.'

"It is noted that the tax rate provided for in the special Act creating the Waskom District was the same as the tax rate provided for under the General law by the Acts of 1909, above referred to."

Article 2784, Revised Civil Statutes of Texas, provides in part as follows:

"The commissioners court for the common school districts in its county, and the district school trustees for the independent school districts incorporated for school purposes only, shall have power to levy and cause to be collected the annual taxes and to issue the bonds herein authorized, subject to the following provisions:

"1. In common school districts, for the further maintenance of public free schools and the

Honorable Sam B. Hall, page #4

erection and equipment of school buildings
therein, a special tax; and in independent
districts for the maintenance of schools
therein, an ad valorem tax, not to exceed
one dollar on the one hundred dollars valua-
tion of taxable property of the district.

"2. In common school and independent dis-
tricts, for the purchase, construction, re-
pair and equipment of public free school
buildings within the limits of such districts
and the purchase of the necessary sites there-
for, a tax not to exceed fifty cents on the
one hundred dollars valuation, such tax to
be for the payment of the current interest on
and provide a sinking fund sufficient to pay
the principal of bonds which said districts
are empowered to issue for such purposes.

"3. The amount of maintenance tax, to-
gether with the amount of bond tax of any
district, shall never exceed one dollar on
the one hundred dollars valuation of taxable
property; and if the rate of bond tax, to-
gether with the rate of maintenance tax voted
in the district, shall at any time exceed one
dollar on the one hundred dollars valuation,
such bond tax shall operate to reduce the
maintenance tax to the difference between
the rate of the bond tax and one dollar.

"4. No tax shall be levied, collected,
abrogated, diminished, or increased, and no
bonds shall be issued hereunder, until such
action has been authorized by a majority of
the votes cast at an election held in the
district for such purpose, at which none
but property tax paying qualified voters
of such district shall be entitled to vote."

Article 2784 was codified in 1925 from several pre-
viously enacted statutes, one of which was Article 2857, Re-
vised Statutes of 1911. Article 2857 was amended in 1921 by

Honorable Sam B. Hall, page #5

House Bill 118, Chapter 24, Acts 37th Legislature, Regular Session. (See Section 13 of House Bill No. 118). Article 2857, after its amendment, read as follows:

"The trustees of any independent school district that has been, or may hereafter be incorporated under general or special laws, for school purposes only, shall have the power to levy and collect an annual ad valorem tax not to exceed one dollar on the one hundred dollars valuation of taxable property of the district, for the maintenance of schools therein, and a tax not to exceed fifty cents on the one hundred dollars for the purpose of purchasing, constructing, repairing, or equipping public free school buildings within the limits of such district, and the purchase of the necessary sites therefor; provided, that the amount of maintenance tax, together with the amount of bond tax of the district, shall never exceed one dollar on the one hundred dollars valuation of taxable property; and provided further that no such tax shall be levied, and no such bonds issued, until after an election shall have been held wherein a majority of the taxpaying voters, voting at said election, shall have voted in favor of the levying of said tax, or the issuance of said bonds, or both, as the case may be, and which election shall be held in accordance with the subsequent sections of this Act." (Emphasis supplied).

You will see that the Act applied to any independent school district whether created by general or special law, and authorizes the levying of a tax not to exceed one dollar on the hundred dollars valuation of taxable property. It necessarily follows, therefore, that the provisions in House Bill No. 185, creating the Waskom Independent School District, which limited the total tax to 50¢, was repealed, and the increased tax would be authorized upon a majority vote cast by the qualified taxpaying voters at an election held therefor.

Honorable Sam B. Hall, page #6

As we have heretofore mentioned, Article 2784 of the 1925 revision is taken from several previously enacted statutes among which was Article 2857, Revised Statutes of 1911, as amended.

Article 2784 authorizes "in independent school districts for the maintenance of schools therein, an ad valorem tax, not to exceed one dollar on the one hundred dollars valuation of taxable property of the district." You are, therefore, advised that the trustees of the Waskom Independent School District may levy a maintenance tax of not more than one dollar, provided, of course, the same is authorized at an election called and held under the provisions of Articles 2784 and 2765, Vernon's Annotated Civil Statutes.

You mention in your letter Chapter 17 of the Acts of the 48th Legislature, Regular Session. This Act validates elections held in an independent school district at which a maintenance tax not to exceed $1.50 on each one hundred dollars of assessed valuation had been voted upon and purportedly authorized. An examination of this Act reveals that it is nothing more than a validating Act and in no way attempts to authorize an increased tax except when the same is based on an election held prior to the passage of the Act. Section 2 reads in part as follows:

"Sec. 2. All such School Districts, where the vote has heretofore been in favor of levying such maintenance tax shall have the power and authority to levy, assess and collect taxes at not to exceed the following rates per one hundred dollars of assessed valuation of taxable property, to wit:

* * * * * * "     (Emphasis supplied).

You are, therefore, further advised that the maximum maintenance tax which under the general law is authorized to be voted and levied in an independent school district is $1.00

on each one hundred dollars of assessed valuation. Article 2734, supra.

Very truly yours

APPROVED JUL 17, 1943

*Gerald C. Mann*

, ATTORNEY GENERAL OF TEXAS

GWS-s

ATTORNEY GENERAL OF TEXAS

By *George W. Sparks*

George W. Sparks
Assistant

ok
C.C.R



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN